United States District Court
Southern District of Texas
**ENTERED**
February 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DON MCCAFFETY, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. H-23-2629 |
| | § |
| GEORGE BARNSTONE, *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

Don McCaffety, representing himself, has sued a former judge, George Barnstone; a former assistant county attorney, Cedric Loeb; a currently serving judge, Tanya Garrison; the State of Texas Commission on Judicial Conduct; the former executive director of the State Commission on Judicial Conduct; Jacqueline Habersham, the present executive director; and David Hall. McCaffety alleges that then-Judge Barnstone wrongly granted a motion for summary judgment against him, leading to the loss of his house, and in which Cedric Loeb, then an assistant county attorney, conspired with others to "shield" then-Judge Barnstone from ethical complaints. McCaffety alleges constitutional violations and sues under 28 U.S.C. § 1983, seeking $4.3 million in damages. Cedric Loeb and George Barnstone have moved to dismiss. (*See* Docket Entry No. 6, Docket Entry No. 7). Based on the pleadings, the record, and the applicable law, the court grants the motions.[1] The reasons are stated below.

---

[1] The court dismissed the claims against Judge Garrison on January 10, 2024, after the plaintiff and Judge Garrison filed an agreed nonsuit of claims. (*See* Docket Entry Nos. 19, 21). Similarly, the court dismissed the claims against the State of Texas Commission on Judicial Conduct, Habersham, and Hall on February 15, 2024, after the plaintiff and those defendants filed an agreed nonsuit of claims. (*See* Docket Entry Nos. 25, 26).

I.    **The Legal Standards**

    A.    **Motion to Dismiss Under Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)).  A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013).  The court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp.*, 675 F.3d 530, 533 (5th Cir. 2012).

    B.    **Motion to Dismiss Under Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *See Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)).  Federal rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true[,]" and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states

any valid claim for relief." *Harrington.*, 563 F.3d at 147 (internal citations and quotation marks omitted).

### C. Pleadings by Self-Represented Litigants

In reviewing the pleadings, the court is mindful that McCaffety represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a self-represented plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

## II. Discussion

### A. The Claims Against George Barnstone

McCaffety alleges that then-judge Barnstone improperly ruled to deny his summary judgment motion, leading to the loss of his house. McCaffety alleges that Barnstone had ethical complaints against him and that other defendants tried to shield Barnstone from those complaints. (Barnstone voluntarily resigned from the bench to avoid discipline). Judge Garrison granted a motion for summary judgment against McCaffety and in favor of Barnstone in the state court case challenging Barnstone. McCaffety's appeal was dismissed. *See McCaffety v. Barnstone*, No. 01-

19-00453-CV, 2020 WL 2201118 (Tex. App.—Houston [1st Dist.] May 7, 2020) (per curiam) (dismissing, for want of prosecution, McCaffety's appeal from trial court's final summary judgment order). McCaffety alleges that Barnstone violated McCaffety's civil rights by issuing his summary judgment ruling.

McCaffety's claims are barred on a number of grounds, including 11th Amendment sovereign immunity and judicial immunity. *See, e.g.*, *Haverkamp v. Linthicum*, 6 F.4th 662, 669 (5th Cir. 2021) (11th amendment immunity); *Fox v. Mississippi*, 551 F. App'x 772, 774–75 (5th Cir. 2014) (per curiam) (11th amendment immunity); *Forrester v. White*, 484 U.S. 219, 225–27 (1988) (judicial immunity); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (judicial immunity).

McCaffety's claims are also barred by his failure to state a claim against Judge Barnstone; there is no cause of action against a judge for ruling on a case within his jurisdiction. Finally, his claims are barred by limitations; the summary judgment ruling at issue was in April 2017, and this suit was not filed until 2023, outside the two-year limitations period for a § 1983 action. *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282–83 (5th Cir. 2008) (explaining that the statute of limitations in a § 1983 action is determined by the state's limitations period, which is two years in Texas).

The number of obvious grounds barring McCaffety's claims against Barnstone requires dismissing the claims as meritless and frivolous. The dismissal is with prejudice because amendment would be futile.

B.     **The Claims Against Cedric Loeb**

McCaffety alleges that Loeb, then an assistant county attorney, conspired with others to "shield" Judge Barnstone from ethical complaints; that Judge Barnstone improperly granted

4

summary judgment against him, causing the loss of his house; and that he was denied restitution for the loss of his house. The claims against Loeb are denied as meritless and frivolous.

First, attorney immunity applies to McCaffety's claims that Loeb conspired to shield Judge Barnstone in a way that led to the loss of McCaffety's home through the ruling on a motion for summary judgment against him. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Second, Loeb has qualified immunity against claims of improper discretionary acts taken within his role as a public official, and McCaffety has not alleged facts that could overcome this immunity. *See Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005); *McClendon v. City of Columbia*, 305 F.3d 314, 322–323 (5th Cir. 2002) (en banc). McCaffety's complaint fails to allege specific acts about Loeb that could adequately plead that Loeb violated a clearly established constitutional right or engaged in a conspiracy, or that Loeb's attorney and official immunity defenses are overcome. McCaffety's conclusory allegations fail to state a claim against Loeb, and the claim is dismissed.

### III.     Conclusion and Order

The motion to dismiss filed by Barnstone, (Docket Entry No. 7), and the motion to dismiss filed by Loeb, (Docket Entry No 6), are granted. The claims against George Barnstone and Cedric Loeb are dismissed, with prejudice. Final judgment will be entered separately.

SIGNED on February 21, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge